# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

---

MUSLIMS ON LONG ISLAND, INC., IMRAN
MAKDA, and MOEEN QURESHI,

        *Plaintiffs*,

        *v*.

THE TOWN OF OYSTER BAY, SCOTT BYRNE,
in his official capacity, JAMES CASTELLANE, in
his official capacity, CLIFFORD CHABINA, in his
official capacity, ANTHONY DILEONARDO, in his
official capacity, ANGELO STANCO, in his official
capacity, and LOUIS WARNER, in his official
capacity,

        *Defendants*.

Civil Action
Docket #: 2:25-cv-00428

---

## MOTION SEEKING LEAVE TO FILE AN *AMICUS* BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

    Counsel for *amici* respectfully request that this Court grant leave to file the attached proposed amicus brief in support of Plaintiffs' Motion for a Preliminary Injunction. *Amici* are religious, legal, and civil liberties organizations that work to serve members of religious and other communities and have an interest in supporting American Muslims and other faith groups to exercise their religious beliefs freely without unlawful interference from government institutions. *Amici* seek to ensure that the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. 2000cc, et seq. and constitutional rights are properly enforced. *Amici* draw on their expertise and years of experience grappling with religious and other forms of

discrimination to contextualize the experiences of Muslims on Long Island, Inc. ("MOLI") within the larger framework of anti-Muslim animus and recent mosque opposition in New York and across the country.

Whether to grant leave to file an *amicus* brief is a matter of judicial discretion, informed by whether *amici* have an interest in the case and/or can provide a distinct perspective helpful to the Court. *See Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc*., 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008). In *United States v. Gotti*, the Court notes that the purpose of an amicus brief is "to provide supplementary assistance to existing counsel and [to] insur[e] a complete and plenary presentation of difficult issues so that the court may reach a proper decision." 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). In granting leave to file amicus briefs, another E.D.N.Y. court emphasized the unique perspective of the *amici* and their commitment not to address arguments made by the parties' briefs and instead highlight relevant factual and other issues for the court. *Young Advocates for Fair Educ. V. Cuomo*, 18-CV-4167, 2018 WL 10561496 at *1 (EDNY Oct. 30, 2018).

The proposed amicus brief aims to provide this Court the context in which this case arises, as the zoning board and opposition to the expansion of MOLI's mosque did not occur in a vacuum. Instead, it operated in a clear climate of anti-Muslim bigotry that unfortunately permeates Long Island. As demonstrated in our brief, this type of context has been crucial for Federal Courts across the country considering RLUIPA cases.[1] Granting this motion for leave to file an amicus brief would thus be an appropriate exercise of the Court's discretion.

---

[1] Counsel for *amici* requested consent to file from Defendants' attorneys. They refused, citing Fed. R. App. P. 29, which does not apply to this Court. *See* Young Advocates for Fair Educ. v Cuomo, 18-CV-4167, 2018 WL 10561496 at *1-2 (EDNY Oct. 30, 2018) (" First, Rule 29, a Rule of Federal Appellate Procedure, is not applicable to the district court… [t]his court is not aware of any rule or statute that

Date: April 14, 2025

Respectfully submitted,

*/s/Burhan Carroll*

Burhan (Brendan) Carroll
Lamya Agarwala
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, NEW YORK
80 Broad St, 5th Floor
New York, NY 10004
Tel: (646) 665-7599

bcarroll@cair.com
*Counsel for proposed amici*

---

prescribes the procedure for obtaining leave to file an amicus brief in the district court nor is the court aware of any rule or statute which furnishes standards to guide the court in determining whether leave to file an amicus brief should be granted**…** Second, though not noted in its opposition, Rule 29(a)(6), if it were relevant, concludes with "A court may grant leave for late filing, specifying the time within which an **opposing party** may answer." The other ground asserted in its opposition is that granting the amicus request will cause delay in the resolution of the preliminary injunction motion. No date has as yet been set for the argument of that motion and that objection is not persuasive."); *See also, Automobile Club of New York, Inc., v. The Port of New York and New Jersey*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011). ("There is no standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court.") (citations, quotations and alterations omitted).