UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUSLIMS ON LONG ISLAND, INC., IMRAN MAKDA, and MOEEN QURESHI,<br><br>                           Plaintiffs,<br><br>                           v.<br><br>THE TOWN OF OYSTER BAY, SCOTT BYRNE, in his official capacity, JAMES CASTELLANE, in his official capacity, CLIFFORD CHABINA, in his official capacity, ANTHONY DILEONARDO, in his official capacity, ANGELO STANCO, in his official capacity, and LOUIS WARNER, in his official capacity,<br><br>                           Defendants. | **STIPULATION AND ORDER REGARDING PLAINTIFFS' PARTIAL DISMISSAL OF CLAIMS**<br><br>Case No. 2:25-cv-00428 |

WHEREAS, the undersigned counsel for the parties have engaged in a series of meetings and conferrals regarding Defendants' proposed motion to dismiss pursuant to Fed. R. Civ. P. 12, the proposed dismissal of Plaintiffs' claims for damages, and Plaintiffs' claims asserted against the individual defendants;

WHEREAS, the undersigned counsel for the parties have further engaged, and continue to engage, in a series of meetings and conferrals regarding proposed searches performed or proposed to be performed with respect to custodians of documents and records, including electronically stored information ("ESI"), and related matters;

WHEREAS, the parties have agreed to resolve and narrow certain of their disputes, subject to the following terms and conditions:

1.    <u>Voluntary Dismissal of Damages Claims</u>. Plaintiffs voluntarily dismiss, with prejudice, all claims for monetary damages which were asserted, or could have been asserted, in

the above-captioned action, with the sole exception that Plaintiffs expressly reserve their claims for attorneys' fees. This constitutes a voluntary partial dismissal, with prejudice, in accordance with Fed. R. Civ. P. 41(a)(1)(a)(ii).

2. <u>Voluntary Dismissal of Claims Against Individual Defendants</u>. Plaintiffs voluntarily dismiss, with prejudice, all claims which were asserted, or could have been asserted, against the individual defendants (defendants Byrne, Castellane, Chabina, Dileonardo, Stanco and Warner), subject to the additional terms and conditions set forth in paragraphs 4-7 hereinbelow. This constitutes a voluntary partial dismissal, with prejudice, in accordance with Fed. R. Civ. P. 41(a)(1)(a)(ii).

3. <u>Voluntary Withdrawal of Defendants' Proposed Motion to Dismiss</u>. Defendants withdraw their request to file a pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12, and shall instead file an Answer to Plaintiffs' Complaint (subject to the voluntary partial dismissal of certain claims as provided in paragraphs 1 and 2 hereinabove), within twenty-one (21) days of the Court's so-ordering of this Stipulation and Order.

4. <u>Reservation of Rights–Custodians and Discovery</u>. Nothing in this Stipulation and Order shall be construed to waive, limit, or otherwise affect any party's rights, positions, or arguments concerning the identification of custodians or the scope of discovery, including but not limited to the search for and production of documents and communications. In addition, and notwithstanding anything to the contrary, each party fully reserves all rights, objections, and positions regarding custodianship, relevance, proportionality, and/or other discovery issues, with respect to Plaintiffs' remaining claims.

5. <u>Reservation of Rights–Custodial Status and Party Status</u>. Nothing in this Stipulation and Order shall be construed to waive, limit, or otherwise affect any party's rights,

positions, or arguments concerning the status of any of the individual defendants as a custodian or alleged custodian for purposes of discovery, and any and all such rights, objections, and positions are expressly preserved. In addition, notwithstanding the voluntary dismissal of Plaintiffs' claims against the individual defendants, the remaining defendant, i.e., the Town of Oyster Bay, shall not argue that any of the dismissed parties was a necessary and required party under Fed. R. Civ. P. 19.

      6.      <u>Court Approval</u>. This Stipulation is expressly made subject to Court approval, and shall not be effective until it is so-ordered by the Court.

      7.      <u>Additional Reservation of Rights</u>. Without limiting any of the foregoing, the parties agree that Plaintiffs' voluntary partial dismissal of their damages claims and their claims against the individual defendants shall not result in the waiver of, nor the reduction or limitation of, Plaintiffs' rights, if any, to seek and obtain discovery from such individuals in accordance with applicable rules, nor shall it result in the waiver or diminution of any party's rights or positions concerning any other discovery-related issues, including but not limited to the scope of custodianship, the identification of appropriate custodians, and the scope, burden, or relevance of document and ESI searches and productions. Nothing herein shall be construed as a waiver or concession by any party with respect to such issues.

[Signatures on following page]

Dated: New York, New York
       May 20, 2025


Respectfully submitted,

| | |
|---|---|
| Linklaters LLP | Rosenberg Calica Birney Liebman & Ross LLP |
| */s/Muhammad U. Faridi* | */s/ Edward M. Ross* |
| Muhammad U. Faridi | Edward M. Ross |
| Diana M. Conner | Judah Serfaty |
| Julia H. Long | 400 Garden City Plaza, Suite 403, |
| Peter Vogel | Garden City, NY 11530 |
| Dalia Elmelige | (516) 747-7400 |
| Kailyn E. LaPorte | |
| 1290 Avenue of the Americas, | *Attorneys for Defendants* |
| New York, NY 10104 | |
| (212) 903-9000 | |
| (212) 903-9100 (fax) | |

*Attorneys for Plaintiffs*


SO ORDERED:

*/s/ Sanket J. Bulsara*     May 22, 2025
Honorable Sanket J. Bulsara
United States District Judge