UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MUSLIMS ON LONG ISLAND, INC., IMRAN
MAKDA, and MOEEN QURESHI,

        *Plaintiffs*,

**ORDER**
25-cv-00428 (SJB) (JMW)

  -against-

THE TOWN OF OYSTER BAY,

        *Defendant*.
------------------------------------------------------------X

**A P P E A R A N C E S:**

  Diana Marie Conner
  Muhammad U. Faridi
  Dalia Ossama Elmelige
  Julia Haigney Long
  Kailyn LaPorte
  Peter Vogel
  **Linklaters LLP**
  1290 Avenue of the Americas
  New York, NY 10104
  *Attorneys for Plaintiffs*

  Edward Michael Ross
  Judah Serfaty
  **Rosenberg Calica & Birney LLP**
  100 Garden City Plaza, Suite 408
  Garden City, NY 11530
  *Attorneys for Defendant*

**WICKS,** Magistrate Judge:

At issue in this case brought under the Religious Land Use and Institutional Persons Act ("RLUIPA") and the Fourteenth Amendment are questions of whether Defendant had a discriminatory motive for denying Plaintiffs' application to upgrade their mosque into a more

1

modern house of worship. The motive of each individual Defendant is germane to the underlying issues. Before the Court at this time is Plaintiffs' motion to compel responses to a variety of discovery demands.

Plaintiff Muslims on Long Island ("MOLI"), Imran Makda, and Moeen Qureshi (collectively, "Plaintiffs") commenced this action on January 24, 2025 seeking to enforce their rights under the Religious Land Use and Institutional Persons Act, 42 U.S.C. § 2000cc, the First and Fourteenth Amendments to the United States Constitution, the New York State Constitution, and Article 78 of the New York Civil Practice Laws and Rules following Defendant Town of Oyster Bay ("Defendant" or "Town"), Angelo Stanco, Scott Byrne, Clifford Chabina, Anthony DiLeonardo, James Catellane, and Loius Warner's[1] denial of Plaintiffs' application to construct a larger, more modernized mosque for alleged religiously discriminatory reasons. (*See generally* ECF No. 1.)

The parties are before the court on Plaintiffs' motion to compel (ECF No. 58) which requests that the Court compel Defendant to: "(1) search for and produce responsive discovery from eleven document custodians proposed by Plaintiffs utilizing appropriate search terms; (2) produce documents responsive to Plaintiffs' Request for Production No. 14 ("RFP 14") seeking information regarding Defendant's treatment of properties similar to Plaintiffs' proposed mosque; (3) amend Defendant's incomplete answer to Plaintiffs' Interrogatory No. 6 ("Interrogatory 6") concerning the basis for the Town Planning Advisory Board's ("PAB") denial of Plaintiffs' application; and (4) produce a document-by-document privilege log." (ECF

---

[1] Defendant Stanco is the chair of the PAB and Defendants Byrne, Chabina, DiLeonardo, Castellane, and Warner are members of the PAB. (ECF No. 1 at pars. 27-28; *see* ECF No. 56-1, Serfaty Decl. at par. 9.) The claims against these parties were dismissed on May 22, 2025 pursuant to a stipulation of partial dismissal (*see* ECF No. 54), leaving Defendant Town of Oyster Bay as the sole remaining defendant.

No. 58 at p. 1.) For the reasons stated herein, Plaintiffs' motion (ECF No. 58) is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

The Court assumes the parties' familiarity with the factual background of this case from the undersigned's Order on Plaintiffs' motion to compel phone records from Defendant and PAB Members, *see Muslims on Long Island, Inc. v. Town of Oyster Bay*, No. 25-CV-00428 (SJB) (JMW), 2025 WL 1582250 (E.D.N.Y. June 4, 2025), and focuses on the procedural background germane to Plaintiffs' current motion to compel.

On April 1, 2025, Plaintiffs sent their first set of interrogatories and requests for production to Defendant. (*See* ECF No. 58-4; ECF No. 58-6.) Defendant submitted its responses and objections to both Plaintiffs' interrogatories and requests for production on May 1, 2025. (*See* ECF No. 58-5; ECF No. 58-7.) Additionally, on May 7, Plaintiffs sent their list of eleven proposed custodians—individuals who Plaintiffs aver "were individuals involved in the events at the heart of this case"—and twenty-four search terms allegedly relevant to Local Law No. 6— the enactment at the heart of this case—to Defendant. (ECF No. 58 at pp 2-3.)

On May 12, the parties held a meet and confer where Plaintiffs agreed to amend their answer to Interrogatory 6, but did not agree on the other discovery issues. (*See* ECF No. 58-2 at pp. 2-3.) Following numerous email exchanges in the weeks after Defendant's responses to Plaintiffs' interrogatories and their meet and confer in which Plaintiffs requested Defendant to provide information by certain dates (*see generally* ECF No. 64-6), Plaintiffs filed their motion to compel on June 3, 2025. (ECF No. 58.) On June 5, 2024, Defendant provided a Supplemental Interrogatory Response, which amended its response to Interrogatory 6 (*see generally* ECF No. 64-5), and sent an email response to Plaintiffs addressing the other elements at issue in Plaintiffs'

May 28 email and the present motion to compel. (*See* ECF No. 64-6 at pp. 1-4.) Defendant filed its opposition the Plaintiffs' motion on June 12, 2025. (ECF No. 64.)

Plaintiffs request an order directing Defendant to: (i) search for and produce discovery from eleven document custodians Plaintiffs identified with the search terms they have selected; (ii) produce documents related to Defendant's treatment of other properties pursuant to their Request for Production No. 14; (iii) amend Defendant's answer to Interrogatory 6; and (iv) produce a document-by-document privilege log. (ECF No. 58 at p. 1.) Conversely, Defendant alleges that Plaintiffs are "running roughshod over all notions of proportionality" demonstrated by the bombardment of missives and disproportionate, overbroad requests for discovery. (ECF No. 64 at p. 1.) Defendant argues that it has in fact responded appropriately to each of the four issues raised by Plaintiffs in their motion to compel, and thus that the motion to compel should now be denied. (*See id.* at pp. 1, 3-5.)

## **DISCUSSION**

"Motions to compel are left to the court's sound discretion." *Bartlett v. DeJoy*, No. 22-CV-03398 (GRB)(JMW), 2023 WL 3306963, at *1 (E.D.N.Y. May 7, 2023) (citing *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.")). "Rule 26 of the Federal Rules of Civil Procedure, as amended in 2015, provides that a party is entitled to discovery on 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.' Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11

4

Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Under the amended rules, '[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'" *Goss v. E.S.I. Cases & Accessories, Inc.*, No. 18-CV-2159 (GBD)(JLC), 2019 WL 3416856, at *2 (S.D.N.Y. July 30, 2019) (quoting *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016)).

It is under this framework that the Court considers each of Plaintiffs' requests.

### A. Interrogatory No. 6

Plaintiffs' Interrogatory 6 reads:

> For each Defendant named in their official capacity, describe in as much detail as possible (a) that Defendant's reason or reasons for voting to deny Plaintiffs' application, (b) when that Defendant decided to vote to deny, (c) who, if anyone, that Defendant spoke to in order to form their opinion to deny, and (d) what, in anything, that Defendant read to form their decision to deny.

(ECF No. 58-6; *see* ECF No. 58 at p. 5.)

Plaintiffs contend that Defendant's initial response to this Interrogatory improperly answered subpart (a) by answering on behalf of PAB members "as an undifferentiated collective" and ignored subparts (b), (c), and (d). (ECF No. 58 at p. 5.) Plaintiffs, therefore, ask the Court to order Defendant to amend its response. (*Id.*) Defendant rebuts that it was not only drafting a supplemental response to Interrogatory 6 at the time this motion to compel was filed, but also provided Plaintiffs with this supplemental response on June 5. (*See* ECF No. 64 at pp. 3-4.)

Defendant amended its responses to Interrogatory 6's subparts (b), (c), and (d). (*Compare* ECF No. 58-7 at pp. 9-10 (including no responses to subparts (b), (c), and (d)), *with* ECF No. 64-5 at p. 3.) Should Plaintiffs deem Defendant's responses to these subparts deficient, it should

5

make the proper application to the Court at that juncture. Until then, this part of Plaintiffs' motion is denied as moot.

With respect to subpart (a), a comparison of Defendant's initial response and its amended response reveals *no* substantive changes. Indeed, Defendant, in its amended response, includes no additional information but rather omits the specific provision of the Town Code governing changes to buildings. (*Compare* ECF No. 58-7 at pp. 9-10, *with* ECF No. 64-5 at pp. 1-3 (omitting only the exact provision of the Town Code.)) The amended answer to subpart (a) does not include the PAB Members' rationales behind denying Plaintiffs' application.

The responding party is required "to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories . . . .". *Carl v. Edwards*, No. CV-16-3863 (ADS) (AKT), 2017 WL 4271443, at *3 (E.D.N.Y. Sept. 25, 2017) (quoting *Upstate Shredding, LLC v. Ne. Ferrous, Inc.*, No. 312 CV 1015, 2016 WL 865299, at *8 (N.D.N.Y. Mar. 2, 2016)). While Defendant objected to Interrogatory 6 as overbroad for seeking "as much detail as possible," it did not object to Plaintiffs' request for the motive of "*each* Defendant named in their official capacity." (*See* ECF No. 64-5 p. 1) (emphasis added). Accordingly, Defendant had a duty to "fully and completely answer" the interrogatories Plaintiffs advanced, including the motives of each named defendant, provided they were relevant and proportional. *See Edebali v. Bankers Standard Ins. Co.*, No. CV 14-7095 (JS) (AKT), 2016 WL 4621077, at *5 (E.D.N.Y. Sept. 6, 2016) (directing plaintiff to produce relevant, obtainable documents to further supplement its initial interrogatory response)

The motive of each individual Defendant is relevant here as the case that centers on questions of Defendant's allegedly discriminatory motive for denying Plaintiffs' application. The motives are relevant and "of consequence in determining the action." *See Vaigasi v. Solow*

*Mgmt. Corp.*, No. 11 Civ. 5088 (RMB) (HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401); *see also Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 198 (2d Cir. 2014) (noting that discriminatory intent is essential to establishing a claim under nondiscrimination provision of RLUIPA); *see also Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 138 F. Supp. 3d 352, 408 (S.D.N.Y. 2015), *aff'd sub nom.*, *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, NY*, 945 F.3d 83 (2d Cir. 2019) (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977) (noting that in a Fourteenth Amendment Equal Protection Clause claim analysis, "[d]etermining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.")).

"The more relevant the information sought is, the less likely a Court would find the subject discovery disproportionate." *White v. Cnty. of Suffolk*, No. 20-CV-1501 (RER)(JMW), 2024 WL 2882842 (E.D.N.Y. June 7, 2024) (citing *New Falls Corp. v. Soni*, CV 16-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020)). Here, the named Defendants' rationales for their decisions is critical to the outcome of the action, and thus highly relevant. Further, it does not appear that amending the answer to include the motivations of the named Defendants in this case would be disproportionate or unduly burdensome for Defendant. Presumably, the Town knows these named Defendants and can consult them in providing greater specificity for their individual motives. Further, courts may grant motions to compel for answers that are insufficiently responsive to interrogatories. *See CRA Holdings US, Inc. v. United States*, No. 15-CV-239W(F), 2018 WL 4001675, at *3 (W.D.N.Y. Aug. 22, 2018) (granting motion requiring plaintiffs to amend their interrogatory answers where interrogatory asked for plaintiffs

to identify individuals doing qualified work on specific projects, but plaintiffs provided a list of all employees who worked on projects without indicating who did qualified work).

Because information about the PAB members' motives is relevant to determining whether the decision to deny Plaintiffs' application involved religious discriminatory rationales and are proportional to the case, Defendant is directed to amend its answer to Interrogatory 6 subpart (a) and include the motives of each individual PAB Member as set out in Plaintiffs' interrogatory. Accordingly, that branch of Plaintiffs' motion is granted.

### B. Request for Production 14

In Request for Production No. 14 ("RFP 14"), Plaintiffs request that Defendant produce "[a]ll Documents contained in the official files of the Town as to any private membership club, theater, library, museum, or place of worship and associated assembly area identified in response to Requests 12 or 13." (ECF 58-4 at p. 10.) Request Nos. 12 and 13 asked Defendant for documents showing a complete list of all building applications in Oyster Bay concerning "'places of worship and associated assembly areas,'" "'private membership clubs,' 'theaters,' 'libraries,' or 'museums'" from 2018 onward. (*Id.* at pp. 9-10.)

Plaintiffs contend that Defendant has "refused to produce documents responsive to RFP 14," namely referencing the burden associated with this production as grounds for refusal. (ECF No. 58 at p. 4.) On these grounds, Plaintiffs argue that Defendant has no good faith basis not to produce what they characterize as "critical evidence," and have thereby been prevented from ascertaining how Defendant has treated other religious facilities. (*See id.* at pp. 4-5) Conversely, Defendant notes that it has provided Plaintiffs a list in response to Request Nos. 12 and 13, and that Plaintiffs may copy "applications, plans, and determinations" from that list. (*See* ECF No. 64 at pp. 4-5.) Indeed, Defendant characterizes RFP 14's demands for "*anything* in the Town's

'official files' concerning *any* places of worship, theaters, museums or libraries" as "extraordinarily overbroad and unduly burdensome." (*See* ECF No. 64 at p. 5) (emphasis in original).

The RLUIPA forbids "implement[ing] a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution." 42 U.S.C. § 2000cc(b)(1). Documents relating to how Defendant's have treated secular institutions, along with religious institutions, are relevant. However, the Court is not persuaded that it is relevant and proportional for Defendant to furnish a list of *every* document Defendant has pertaining to the institutions listed in Request Nos. 12 and 13, including theaters and museums. (*See* ECF No. 58-5 at pp. 8-9.) At issue here is whether discrimination played a role in Defendant denying Plaintiffs' application for an improved mosque. There is little reason to believe that *every* document Defendant has relating to the listed institutions bears on this question.

This sweeping request is neither relevant nor proportional to the case, and the burdens imposed upon Defendant likely outweigh whatever benefit may be derived. *See* Fed. R. Civ. P. 26(b)(1); *see also Woodward v. Afify*, No. 14-CV-00856-RJA-MJR, 2017 WL 4276651, at *4 (W.D.N.Y. Sept. 27, 2017) (denying plaintiff's motion to compel defendants to produce "any and all incidents" as overly broad, burdensome, and disproportionate to the needs of the case.) Indeed, a narrower request that seeks documents that bear on the outcome of the case (*e.g.,* documents relating to the construction or renovation of buildings) would be more appropriate. Accordingly, that branch of Plaintiffs' motion to compel relating to RFP 14 is denied.

C. **Document Custodians and Search Terms**

Plaintiffs maintain that they proposed eleven document custodians and twenty-four search terms that they deem appropriate for the case.[2] (*See* ECF No. 58 at p. 2.) According to Plaintiffs, these listed individuals are those "involved in the events at the heart of this case concerning Plaintiffs' application to construct a mosque" including six PAB Members and various employees of the Town. (*See id.* at pp. 2-3.) Since Defendant has not argued the impropriety of these custodians, and considering their relative importance to the case, Plaintiffs request that the Court direct Defendant to name the eleven individuals as custodians, rather than "potential custodians." (*Id.* at p. 3.) As for the search terms, Plaintiff posits that Defendant only objected to two of the proposed twenty-four terms, specifically as being overbroad, which is vague and unsubstantiated burden objection. (*See id.* at pp. 3-4.) Plaintiffs, thus, argue that Defendants should be compelled to run *all* proposed search terms. (*Id.* at p. 4.) Conversely, Defendant claims it has now agreed to the eleven proposed document custodians (apparently only referring to them as "potential" custodians because it objected to producing discovery from their personal phones) and twenty-four search terms Plaintiffs identified. (*See* ECF No. 64 at pp. 3-4.)

"Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) (citing *Stinson v. City of New York*, No. 10 Civ. 4228, 2015 WL 4610422, at *3 (S.D.N.Y. July 23, 2015)). Here, because Defendant has agreed to provide the discovery that Plaintiffs requested by accepting all the Plaintiffs' search terms and naming the eleven individuals as custodians, (*see* ECF No. 64 at p. 4), that branch of Plaintiffs' motion is

---

[2] A complete list of all custodians and search terms is found at ECF No. 58-3, Appendix A.

denied as moot. *See Narragansett Bay Ins. Co. v. New Widetech Indus. Co.*, No. 23CV5227 (AMD) (JMW), 2024 WL 693776, at *5 (E.D.N.Y. Feb. 20, 2024) (denying defendants' motion to compel plaintiffs to produce information as moot where plaintiffs agreed to provide the information.)

D. **Privilege Log**

Plaintiffs argue that a document-by-document privilege log should be utilized in this case because the breadth of documents in this case does not warrant deviating from the traditional document-by-document log format. (*See* ECF No. 58 at pp. 5-6.) Though Defendant originally requested a categorial privilege log format, Defendant later stated that "we know the number of privileged documents and agree to provide a document-by-document privilege log." (ECF No. 64 at p. 5.) Because Defendant has agreed to Plaintiffs' request, that branch of Plaintiffs' motion is denied as moot and a document-by-document privilege log is the format to be used here in compliance with Local Civil Rule 26.2.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel (ECF No. 58) is **GRANTED in part** and **DENIED in part** as set forth above.

Dated: Central Islip, New York
July 1, 2025

                                            **S O  O R D E R E D:**
                                        /s/ *James M. Wicks*
                                          JAMES M. WICKS
                                    United States Magistrate Judge