# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

Muslims on Long Island, Inc., Imran Makda, and
Moeen Qureshi,

                    Plaintiffs,

            v.

The Town of Oyster Bay,

                  Defendant.

-------------------------------------------------------------------- x

2:25-cv-00428-SJB-JMW

**[PROPOSED]**
**CONSENT ORDER**

        This Consent Order is entered to resolve this lawsuit brought by Muslims on Long Island, Inc. ("MOLI"), Imran Makda and Moeen Qureshi (collectively with MOLI, the "Plaintiffs") against the Town of Oyster Bay (the "Town").  Plaintiffs and the Town are referred to herein collectively as the "Parties."  This Consent Order shall become binding upon the Parties upon the Effective Date, irrespective of whether the Court has so-ordered the Consent Order.

# RECITALS

**WHEREAS**, MOLI is currently operating a mosque out of its properties at 300 and 320 Central Avenue, Bethpage, New York 11714 (collectively, "the Mosque");

**WHEREAS**, in 2018, MOLI submitted an application (the "Application") and proposed plans to the Town for site plan approval of the proposed demolition of the Mosque, and for construction of a two-story with basement, 16,003 square-foot mosque with associated site plan improvements (the "Proposed Mosque") to replace the Mosque;

**WHEREAS**, prior to June 14, 2022, the Town's Schedule of Off-Street Parking and Loading Requirements, Town Code § 246-8.2.1, established a "Minimum Number of Parking Spaces Required" for places of worship utilizing a formula of "1 [parking space] per 3 seats or, if no seats, 1 [parking space] per 100 sq. ft. of floor space used for public assembly" (the "Prior Formula");

**WHEREAS**, on June 14, 2022 the Town Board enacted Local Law No. 6 of the year 2022 ("Local Law No. 6"), which, as relevant here, replaced the Prior Formula for calculating the "Minimum Number of Parking Spaces Required" for places of worship, with a new formula (the "New Formula") requiring a minimum of one parking space per three persons occupancy as determined by the Town's Public Assembly Inspector;

**WHEREAS**, the Town's Planning Advisory Board ("PAB") held public meetings regarding the Proposed Mosque on July 18, 2024 and November 14, 2024;

**WHEREAS**, on July 18, 2024, the Nassau County Planning Commission recommended denial of the Application;

**WHEREAS**, the PAB voted on November 14, 2024 to deny the Application;

**WHEREAS**, the PAB issued a written denial of the Application on December 26, 2024 (corrected on February 13, 2025) (the "PAB Resolution");

**WHEREAS**, on January 24, 2025, Plaintiffs filed a Complaint against the Town in the United States District Court for the Eastern District of New York (the "Court") captioned, *Muslims on Long Island, Inc., et al. v. Town of Oyster Bay,* (2:25-cv-00428)-SJB-JMW (the "Action");

**WHEREAS**, in the Action, Plaintiffs asserted claims against the Town for relief under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc ("RLUIPA"), the First and Fourteenth Amendments to the U.S. Constitution, the New York Constitution, and New York state law arising from the PAB Resolution;

**WHEREAS**, Plaintiffs sought to amend their Complaint on July 27, 2025 to add additional factual allegations and claims against the Town under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the Due Process Clause of the New York Constitution;

**WHEREAS**, the subject matter jurisdiction of this Court is founded upon 28 U.S.C. § 1331 (federal question jurisdiction) in that Plaintiffs' federal claims arise under 42 U.S.C. § 2000cc and 42 U.S.C. § 1983;

**WHEREAS**, this Court also has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a) because those claims arise from the same set of facts and circumstances as Plaintiffs' federal claims;

**WHEREAS**, the Parties agree that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in the Town of Oyster

Bay, which is located within the Eastern District of New York, and the parties are subject to personal jurisdiction in this District;

   **WHEREAS**, the Town denies all liability for the claims asserted by Plaintiffs;

   **WHEREAS**, the Parties engaged in successful mediation (the "Mediation") before Hon. William J. Condon ("Judge Condon");

   **WHEREAS**, consistent with the Mediation, the Parties desire to resolve the Action without further litigation, controversy, and inconvenience related to the subject matter of the Action, and desire to settle, fully and finally, any and all claims among them;

   **NOW, WHEREFORE**, in consideration of the foregoing premises and the releases, terms of settlement, and covenants contained in this Consent Order, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree to the terms of and entry of this Consent Order as follows:

## TERMS OF AGREEMENT

   **1.**  **Town Approval of the Application.** This Consent Order is subject to formal Town Board approval pursuant to a special meeting (the "Special Meeting") of the Town Board, which the Town shall hold within ten (10) calendar days of the execution of this Consent Order by all of the undersigned Parties (or as soon thereafter as the Parties shall jointly and reasonably agree).  Subject to formal Town Board approval at the Special Meeting, the Application concerning the Proposed Mosque that MOLI presented to the PAB on July 18, 2024 shall be approved by the Town Board's passage and enactment of a resolution substantially in the form attached hereto as Exhibit A (the "Approval Resolution").  The Town shall not require any additional approvals from the PAB or the Zoning Board of Appeals in order for MOLI to be

4

permitted to construct the Proposed Mosque. If the Town Board fails to approve the Approval

Resolution by August 29, 2025 (the "Drop Dead Date"), this Consent Order shall be null and

void and shall have no effect. If the Town Board fails to approve the Approval Resolution by the

Drop Dead Date, the Town agrees not to oppose any request by Plaintiffs to maintain the current

October 27, 2025 trial date in this Action (the "Trial Date") and further agrees to negotiate

interim case deadlines prior to the Trial Date in good faith in order to ensure that Plaintiffs are

not prejudiced by the Town Board's failure to approve the Approval Resolution.

    2.    **Timely Issuance of All Permits Needed to Construct and Occupy the**

**Proposed Mosque.** Within ten (10) calendar days of the Town Board's passage and enactment

of the Approval Resolution (or as soon thereafter as the parties shall jointly and reasonably

agree), the Town shall commence with all due speed the processes necessary to issue to MOLI

all permits, licenses, and/or other approvals that are legally required to construct, operate, and

occupy the Proposed Mosque, including but not limited to any construction or demolition

permits that may be required. In the event that any necessary submissions of plans, drawings

and/or other documents by MOLI shall require modifications, edits, additions, or corrections,

MOLI shall work with the Town's assistance to promptly submit any renewed applications,

which the Town shall then process on an expedited basis at the highest level of priority. The

joint and mutually shared intention of this Paragraph shall be for the Parties to collaborate to

facilitate construction, operation, and occupation of the Proposed Mosque as quickly as is

reasonably possible, and consistent with all applicable State Fire and Building Code

requirements. The Town's obligation hereunder to prioritize and expedite resolution of any

issues concerning the construction, operation, or occupation of the Proposed Mosque shall

continue until all of the following events have occurred: (i) the construction of the Proposed

Mosque has been completed (or otherwise abandoned by MOLI) and (ii) the Town has issued to MOLI a Certificate of Occupancy, a Public Assembly License, and any other legal approvals that may be necessary for the operation or occupation of the Proposed Mosque. In order to facilitate the Town's issuance of any and all legally required approvals to MOLI, the Town shall appoint a representative of its choosing from the Town Department of Planning and Development to act as liaison (the "Liaison") with MOLI to facilitate any and all such approvals.

3.      **Cooperation.**  The Town shall not take any actions to impede in any way, whether directly or indirectly, MOLI's lawful efforts to obtain any remaining state, county, municipal, sewerage authority, or any other approvals of any kind associated with the construction of the Proposed Mosque, and the Town shall make all reasonable efforts to assist MOLI in obtaining such approvals, if requested.

4.      **Non-Retaliation.**  The Town agrees not to retaliate in any manner whatsoever against Plaintiffs, MOLI's board members, or MOLI's congregants for the filing or maintenance of this lawsuit or for related activity.

5.      **Traffic Safety.**  MOLI shall use best efforts to utilize individuals to help congregants cross Central Avenue and Stewart Avenue in the vicinity of the Proposed Mosque during and surrounding its peak prayer times on Friday afternoons ("Peak Prayer Time"). The Parties shall also consider in good faith the feasibility of a joint request to Nassau County to obtain a crossing guard or guards during Peak Prayer Time.

6.      **Parking.**  MOLI shall undertake reasonable efforts to inform and encourage congregants to utilize lawful off-street parking, including at the Long Island Railroad parking lot in the vicinity of the mosque, when attending services at the Proposed Mosque during and surrounding the Peak Prayer Time.

7.    **Non-Simultaneous Use.**  Upon construction of the Proposed Mosque, MOLI shall affix interior signage (such as a poster) prohibiting congregants from using the Proposed Mosque's second floor and basement during the Peak Prayer Time; provided, however, that nothing herein shall limit or otherwise restrict MOLI's congregants from performing ritual ablution ("Wudu") using Wudu stations or from using the bathroom areas located on the Proposed Mosque's second floor or in its basement at any time.

8.    **Amendment of Town Code.**  The Town shall convene a meeting of the Town Board within thirty-five (35) calendar days of the Effective Date (or as soon thereafter as the Parties shall jointly and reasonably agree) to amend the Town Code in a manner which complies with all federal and state laws concerning the free exercise of religion, including RLUIPA, the U.S. Constitution, and New York state law, by deleting the New Formula and reinstating the Prior Formula as applicable to houses of worship; and by adding a provision which codifies that nothing contained in the Town Code shall be applied in a manner which results in a substantial burden on religious exercise, and further providing that exemptions shall be given from any policy, practice, or provisions that results in a substantial burden on religious exercise, or by other means that eliminates the substantial burden.  See 42 U.S.C. § 2000cc-3(e).

9.    **Settlement Payment.** Within thirty (30) calendar days following the Effective Date, the Town shall pay or cause to be paid to Plaintiffs payments totaling $3,950,000 (the "Settlement Payment"), which shall be inclusive of attorneys' fees and costs.  The Settlement Payment shall be made as follows: (1) one or more wire transfers totaling $587,183 payable to Patterson Belknap Webb & Tyler LLP; and (2) one or more wire transfers totaling $3,362,817

7

payable to Linklaters LLP.  Each firm's wire instructions shall be provided to the Town's counsel on or before the Effective Date.[1]

      **10.**    **Press Release and Press Conference**.  Upon execution of this Consent Order, the Parties shall issue a joint press release in the form attached hereto as Exhibit B.  Upon execution of this Consent Order, the Parties shall also hold a joint press conference at a mutually agreed-upon time and location where at least one representative of the Town and at least one representative of MOLI shall address the press in a manner consistent with the letter and spirit of this Consent Order.

      **11.**    **Mutual Release of Claims**.  The Mutual Releases (defined in this Paragraph 11 below) shall be effective upon occurrence of all of the following events: (i) the approval of the Application and this Consent Order in accordance with Paragraph 1 above, (ii) timely issuance of all permits needed to construct and occupy the proposed mosque in accordance with Paragraph 2 above, (iii) amendment of the Town Code in accordance with Paragraph 8 above, and (iv) payment of the Settlement Payment in accordance with Paragraph 9 above.

    *Mutual Releases:* Plaintiffs and the Town hereby release, acquit and forever discharge each other, their trustees, officers, officials, volunteers, agents, members, employees, vendors, assigns, successors in interest, attorneys, insurers, and indemnitors, and further

---

[1]    The Parties acknowledge that Plaintiffs were represented in this matter by Patterson Belknap from May 2023 through February 7, 2025 and were thereafter represented by Linklaters from February 8, 2025 through present.  While Plaintiffs contend that they are entitled to attorneys' fees and costs from the date Plaintiffs first retained Patterson Belknap, in order to settle this Action, the Parties agree that Plaintiffs' attorneys are only entitled to attorneys' fees starting from the November 14, 2024 issuance of the PAB Resolution.  However, the parties further agree that the Settlement Payment should and hereby is allocated to cover, in full payment, satisfaction, settlement, release and accord, any and all attorneys' fees and costs incurred by Plaintiffs, Patterson Belknap and Linklaters which were asserted or could have been asserted in the Action, regardless of the date on which they were incurred.

release each individual Party and their successors, heirs, assigns, agents, personal

representatives, executors, trustees, insurers, and attorneys from any and all claims,

liabilities, demands, causes of action, costs, expenses, attorneys' fees, damages, suits,

debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants,

contracts, controversies, agreements, promises, variances, trespasses, judgments,

executions, demands, and obligations in law or equity, whether known or unknown,

which they ever had, now have, or hereafter can, shall, or may have from the beginning

of time through the Effective Date of the Consent Order, related to or arising from the

claims and allegations set forth in the case captioned *Muslims on Long Island, Inc., et al.

v. Town of Oyster Bay,* (2:25-cv-00428)-SJB-JMW and any publicity related thereto;

provided, however, that nothing in this Mutual Release shall prevent or limit in any way

Plaintiffs from seeking any remedies that may be necessary to enforce the Consent Order

or from pursuing remedies for its breach.

**12.    No Admission of Fault or Liability.** The Parties expressly understand and agree

that this Consent Order is a good faith compromise and settlement of disputed claims, and that

neither Party is hereby admitting any wrongdoing or liability.

**13.    Legal Challenges to this Consent Order or to Approval of the Application, or

to Issuance of any Applicable Permits, Licenses, and/or Other Approvals Legally Required.**

The Court shall retain jurisdiction of any disputes between the Parties regarding the terms of this

Consent Order.  In the event the Parties fail to resolve any of the foregoing matters after

attempting to do so without judicial intervention, including via mandatory mediation before

Judge Condon or another mediator jointly and reasonably selected by the Parties, either party

may make a motion to the Court to request a hearing at which the Parties may present testimony

9

and evidence concerning the unresolved matter.  The Court shall also retain jurisdiction to enforce this Consent Order and to resolve any disputes between a party or parties and a third-party that would nullify any portion of this Consent Order, including any proceeding brought by any party or third party that would nullify or have the effect of nullifying any portion of the Consent Order.  In the event of any direct or collateral legal challenges to, appeals from, or other litigation filed by third parties in any forum arising in any manner whatsoever from either this Consent Order or the Town's approval of the Application or of related permits, licenses, and/or other approvals legally required, the Town shall oppose any such legal challenges or appeals, and vigorously defend to the fullest extent this Consent Order and the Town's approvals.  The Town shall not oppose any MOLI application to intervene in any such direct or collateral legal challenge or appeal, or any other litigation arising from this Consent Order.  Each party shall bear its own fees and costs associated with any direct or collateral legal challenge or appeal, or any other litigation arising from this Consent Order or the Town's approval of the Application.

14. **Enforcement By Judicial Order, Jurisdiction Retained, and Removal.**  Within two (2) business days of the Town Board's passage and enactment of the Approval Resolution in accordance with Paragraph 1 of this Consent Order, the Parties shall jointly file this Consent Order with the Court and request that the Court so-order this Consent Order.  In the same filing, the Parties shall further request that the Court retain jurisdiction over this matter until a Certificate of Occupancy, a Public Assembly License, and any other legally required approvals for the Proposed Mosque are issued.  For the avoidance of doubt, the Court's retention of jurisdiction over this matter encompasses all matters relating to the Consent Order.  Accordingly, any related complaint or pleading filed in any New York state court shall be promptly removed, if possible, to the United States District Court for the Eastern District of New York and marked

10

as a related matter to this Action.  All Parties consent to such removal and all further proceedings on any such pleadings shall be in this Court before the District Judge assigned to this Action. Once MOLI receives a Certificate of Occupancy, a Public Assembly License, and any other legally required approvals for the Proposed Mosque, the Parties shall jointly seek dismissal of this Action in accordance with Paragraph 16 of this Consent Order.

15.    **Effective Date.**  The Effective Date of this Consent Order shall be the day of the Town Board's passage and enactment of the Approval Resolution in accordance with Paragraph 1 of this Consent Order.

16.    **Dismissal of Action.**  Within five (5) business days of the Town's issuance of a Certificate of Occupancy, a Public Assembly License, and any other legally required approvals to MOLI concerning the Proposed Mosque (the "Stipulation of Dismissal Precursor Events"), Plaintiffs shall file a Joint Stipulation of Dismissal, dismissing with prejudice all of the claims in the Action.  However, any disputes then pending for resolution before the Court (to the extent not mooted per written agreement of the parties in view of the issuance of the Certificate of Occupancy and Public Assembly License as well as any additional legally required approvals) shall be resolved prior to any dismissal.  If the Stipulation of Dismissal Precursor Events do not occur, the Stipulation of Dismissal will be void and of no effect.

17.    **Authority to Enter Consent Order.**  Each Party to this Consent Order represents and warrants that it, he, or she is duly authorized to enter into this Consent Order (in the case of the Town, subject to Town Board's passage and enactment of the Approval Resolution in accordance with Paragraph 1 of this Consent Order) and the signatory below executing this Consent Order on each such Party's behalf, has the authority to sign on behalf of such person or

11

entity (in the case of the Town, subject to Town Board's passage and enactment of the Approval Resolution in accordance with Paragraph 1 of this Consent Order).

**18.    Consent Order Jointly Prepared.**  This Consent Order, including any uncertainty or ambiguity herein, shall not be construed against any one Party, but shall be construed as if all the Parties jointly prepared this Consent Order.

**19.    Entire Agreement and Modifications.**  This Consent Order contains the entirety of the Parties' agreement concerning the subject matter addressed herein.  Any modifications of this Consent Order must be in a writing signed by all parties and will be effective upon the written consent of all the Parties or counsel acting on their behalf.  The Parties shall not orally modify any requirement of the Consent Order, particularly the requirement that all modifications to the Consent Order be in writing.

**20.    No Waiver and Cure Period**.  No waiver of any provision herein shall be binding unless in writing and signed by the person or entity against whom the waiver is asserted. No waiver of any breach of any term or provision of this Consent Order shall be construed to be, nor shall it be, a waiver of any other breach of this Consent Order.  Any Party's failure to comply with any time limit set forth in this Consent Order shall constitute a breach of this Consent Order only after the non-complying party fails to cure such non-compliance within ten (10) calendar days of the relevant deadline or such other additional cure period as the Parties jointly and reasonably agree to.

**21.    Notice and Submissions.**  Any notice required under or regarding this Consent Order shall be sent via overnight delivery or courier service, as well as email, to the following persons and addresses, which may be amended and updated by either Party upon reasonable

prior notice to the other Party. Notice to Plaintiffs shall be sent to Imran Makda via email at

imakda@yahoo.com and the following physical address:

> Muslims on Long Island, Inc.
> c/o Imran Makda
> 320 Central Avenue
> Bethpage, New York 11714

with a copy to Muhammad Faridi via email at muhammad.faridi@linklaters.com and the
following physical address:

> Linklaters LLP
> Attn: Muhammad Faridi
> 1290 Avenue of the Americas,
> New York, NY 10104

Notices to the Town shall be sent to the following physical and email addresses:

> Frank M. Scalera, Town Attorney
> Town of Oyster Bay
> 54 Audrey Avenue
> Oyster Bay, NY 11771
> fscalera@oysterbay-ny.gov
>
>      - and –
>
> Edward M. Ross, Esq.
> Rosenberg Calica Birney Liebman & Ross LLP
> 400 Garden City Plaza, Suite 403
> Garden City, NY 11530
> eross@rosenbergllp.com

    **22.** **Execution in Counterparts.** This Consent Order may be executed in one or

more counterparts. The signature pages of the various counterparts may be collected with one

copy of the balance of this Consent Order, which, together with collected and signed signature

pages, shall constitute a true and correct copy of this Consent Order. Photocopies or electronic

scans of this Consent Order (including signature pages) may be used in place of originals for

any and all purposes.

[remainder of page left intentionally blank – continued on following page]

Central Islip, New York
Dated: August 19, 2025

Plaintiffs                                         Defendant

_____

Muslims on Long Island, Inc.                       Town of Oyster Bay
By: IMRAN MAKDA                                    By: Frank Scalera, Town Attorney
August 19, 2025                                    August 19, 2025

_____

Imran Makda
August 19, 2025

_____

Moeen Qureshi
August 19, 2025

SO ORDERED:

_____

Honorable Sanket J. Bulsara
United States District Judge

15

Central Islip, New York
Dated: August 19, 2025


Plaintiffs                                        Defendant

_____            _____
Muslims on Long Island, Inc.                      Town of Oyster Bay
By: _____                       By: Frank Scalera, Town Attorney
August 19, 2025                                    August 19, 2025



_____
Imran Makda
August 19, 2025



_____
Moeen Qureshi
August 19, 2025




                                  SO ORDERED:


                            _____
                            Honorable Sanket J. Bulsara
                            United States District Judge

## Exhibit A

WHEREAS, on January 24, 2025 a civil action entitled *Muslims on Long Island, Inc., et al. v. Town of Oyster Bay,* (2:25-cv-00428)-SJB-JMW was commenced in the United States District Court for the Eastern District of New York, which action sought, among other things, declaratory and injunctive relief related to the Planning Advisory Board's ("PAB") November 14, 2024 denial of Muslim on Long Island Inc.'s ("MOLI") site plan application, which sought to demolish MOLI's two existing structures at 300 and 320 Central Avenue in Bethpage and to replace those structures with a single two-story with basement mosque; and

WHEREAS, by memorandum dated August__, 2025, Frank M. Scalera, Town Attorney, and Jeffrey Lesser, Deputy Town Attorney, have advised that the parties entered into settlement negotiations in an effort to amicably resolve Plaintiffs' claims, which negotiations have resulted in a proposed Consent Order ("Consent Order"); and

WHEREAS, under the terms of the Consent Order, the Town agreed to approve MOLI's application, subject to certain terms and conditions designed to, among other things, improve traffic safety and reduce on-street parking in the vicinity of MOLI's proposed mosque; and

WHEREAS, by the aforementioned memoranda, the Office of the Town Attorney has recommended that the Town Board accept the proposed Consent Order, inasmuch as this Consent Order is in the best interests of the Town; and

WHEREAS, the Office of the Town Attorney has further recommended that MOLI's application be approved as it was submitted to the PAB for hearing at the PAB's July 18, 2024 public meeting, without the need for further evaluation by the PAB or the Zoning Board of Appeals;

NOW, THEREFORE BE IT RESOLVED, that the aforementioned recommendations are hereby accepted and approved, and the Town Board hereby ratifies acceptance of the Consent Order and approves MOLI's application.

## Exhibit B

FOR IMMEDIATE RELEASE

### Town of Oyster Bay and Muslims on Long Island, Inc. Announce Litigation Settlement Surrounding New House of Worship in Bethpage

Bethpage, NY - The Town of Oyster Bay and Muslims on Long Island, Inc. ("MOLI") today announced a settlement resolving litigation concerning MOLI's application to construct a new house of worship in Bethpage at the site of an existing mosque.

Under the agreed-upon settlement, the Town will approve MOLI's application to build a new mosque on its Bethpage property. With proper permits, MOLI will remove the two existing structures on the property and construct a single building with on-site parking and design features that MOLI pledges will not add to traffic in the surrounding area. As part of the settlement, the Town will also update its Town Code to address and resolve claims regarding Local Law No. 6.

As a further part of the settlement, the Town will make a payment to MOLI totaling $3.95 million, inclusive of attorneys' fees and costs. MOLI also agrees to certain provisions designed to mitigate the Town's asserted traffic and safety concerns.

MOLI leaders emphasized that the organization remains committed to being an open and welcoming part of the Bethpage community.

Moeen Qureshi, a named plaintiff said: "We are grateful to put this chapter behind us and to move forward in partnership with our neighbors. Our new mosque will be a place where everyone—regardless of faith—will be welcome. We look forward to hosting the Town's leadership, our neighbors, and our friends from across Long Island at our new house of worship."

Imran Makda, a named plaintiff, said: "This is a day of new beginnings. Our doors will always be open to the community, and we hope our mosque will be a place where people come together in friendship and mutual respect."

Town officials expressed satisfaction that the matter has been resolved and optimism about the future relationship between MOLI and the Town.

Joseph Saladino, Town Supervisor, said: "This agreement resolves outstanding planning concerns and allows us to move forward in good faith as one community. The Town of Oyster Bay has and always will respect the rights of all faith communities."

Both parties expressed a commitment to ongoing cooperation to preserve the Town of Oyster Bay's quality of life and to fostering an inclusive community across Long Island.

###