FILED
CLERK
9/7/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MUSLIMS ON LONG ISLAND, INC., IMRAN
MAKDA, and MOEEN QURESHI,

        Plaintiffs,

    -against-

THE TOWN OF OYSTER BAY,

        Defendant.
----------------------------------------------------------------X

**ORDER**

25-cv-00428 (SJB) (JMW)

**WICKS,** Magistrate Judge:

    Plaintiff Muslims on Long Island ("MOLI"), Imran Makda, and Moeen Qureshi (collectively, "Plaintiffs") commenced this action on January 24, 2025 seeking to enforce their rights under the Religious Land Use and Institutional Persons Act, 42 U.S.C. § 2000cc, the First and Fourteenth Amendments to the United States Constitution, the New York State Constitution, and Article 78 of the New York Civil Practice Laws and Rules following Defendant Town of Oyster Bay ("Defendant" or "Town"), Angelo Stanco, Scott Byrne, Clifford Chabina, Anthony DiLeonardo, James Catellane, and Loius Warner's[1] denial of Plaintiffs' application to construct a larger, more modernized mosque for alleged religiously discriminatory reasons. (*See generally* ECF No. 1.)

---

[1] Defendant Stanco is the chair of the PAB and Defendants Byrne, Chabina, DiLeonardo, Castellane, and Warner are members of the PAB. (ECF No. 1 at pars. 27-28; *see* ECF No. 56-1, Serfaty Decl. at par. 9.) The claims against these parties were dismissed on May 22, 2025 pursuant to a stipulation of partial dismissal (*see* ECF No. 54), leaving Defendant Town of Oyster Bay as the sole remaining defendant.

1

The parties are before the Court on Plaintiffs' motions to compel the production of the personal texts and email communications of the six PAB members, Angelo Stanco, Scott Byrne, Clifford Chabina, Anthony DiLeonardo, James Castellane, and Louis Warner. (ECF Nos. 74, 78; *see* ECF No. 1 at ¶¶ 27-28.) These applications come on the heels of this Court's Order denying Plaintiff's initial motion to compel seeking an order directing the Town to search for and produce responsive discovery from the mobile devices of the PAB members that voted against MOLI's application to build a new mosque. That application was denied, but "without prejudice and with leave to renew should any evidence later reveal that personal mobile devices were used." *Muslims on Long Island, Inc. v. Town of Oyster Bay*, 25-cv-00428 (SJB) (JMW), 2025 WL 1582250, at *1, *5 (E.D.N.Y. June 4, 2025). Plaintiffs now come forward with what they believe is supporting evidence and renew the motion.

"Motions to compel are left to the court's sound discretion." *Bartlett v. DeJoy*, No. 22-CV-03398 (GRB)(JMW), 2023 WL 3306963, at *1 (E.D.N.Y. May 7, 2023) (citation omitted). "Rule 26 of the Federal Rules of Civil Procedure, as amended in 2015, provides that a party is entitled to discovery on 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.' Fed. R. Civ. P. 26(b)(1). Similarly, Fed. R. Civ. P. 34, the rule governing the production of ESI, provides:

> [T]hat a party may serve on any other party a request to produce documents and ESI within the party's possession, custody, or control so long as the documents and information are 'relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2017 WL 5664852, at *7 (S.D.N.Y. Nov. 27, 2017) (citing Fed. R. Civ. P. 34(a)(1), 26(b)(1)).

"'A party is deemed to "control" documents that it has the legal right or the practical ability to obtain—even where those documents are in the physical possession of non-parties.'" *Waite v. UMG Recordings, Inc.*, 2020 WL 3959185, at *2 (S.D.N.Y. July 13, 2020) (quoting *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 190 (S.D.N.Y. 2013)). "The party seeking discovery has the burden of showing that the documents are within the other party's control." *Coventry Capital US LLC v. EEA Life Settlements Inc.*, 334 F.R.D. 68, 72 (S.D.N.Y. 2020). Once the party seeking discovery has made a sufficient showing of "control" necessary for producing responsive ESI from a personal device, that same party must provide " 'some justification for [its] suspicion that relevant [messages] may be contained' on the employees' personal devices." *Smith v. Pergola 36 LLC*, No. 22-cv-4052, 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022) (quoting *Precision Med. Grp., LLC v. Blue Matter, LLC*, No. 20 Civ. 2974, 2020 WL 7352509, at *3 (S.D.N.Y. Dec. 15, 2020) (internal quotation marks omitted)).

The prior denial of Plaintiffs' motion to compel production of ESI from the PAB members' personal devices and emails was based upon the lack of any "justified suspicion" that relevant messages may be found within these individuals' personal devices. *See Muslims on Long Island*, 2025 WL 1582250, at *5. The circumstances have since changed. For example, PAB member Louis Warner testified on July 31, 2025 that he received "substantive application materials at [his] personal email address" and not "just emails regarding scheduling." (ECF No. 74-2, Warner Dep. Tr. 62:10-14). Warner admitted that he received emails to his "non-town email address that related to PAB matters." (*Id.* at 62:2-9.) This contradicts Warner's declaration[2] submitted on June 13, 2025 that he received no emails or communications

---

[2] In the June 4, 2025 Order, the undersigned directed counsel for Defendant to obtain, and file, "independent declarations" from the identified PAB members setting forth "whether, if at all, their personal devices were used for business purposes and, if so, detail what those messages or

3

concerning PAB matters, that he does not use personal devices for Town-related matters, and that he did not "<u>ever discuss over text message, group chats, or any electronic medium any PAB applications</u>." (ECF No. 67-5, Warner Decl. at ¶¶ 3-6) (emphasis in original).

Similarly, PAB Chaiman Angelo Stanco admitted on July 16, 2025 to possibly having received emails on his personal email account regarding MOLI's application (*see* ECF No. 74-3, Stanco Dep. Tr. 30:4-7, 31:19-25, 32:3-10) and that Stanco did not take any affirmative steps to determine whether additional emails on his personal devices existed (*see* ECF No. 74-3, Stanco Dep. Tr. 32:11-14.) Likewise, Clifford Chabina, another PAB member, testified on August 8, 2025 that he received "an email about the substance of an application before the [PAB]" to his non-Town email address. (ECF No. 78-1, Chabina Dep. Tr. 88:15-24, 89:1-9.) Further, and similar to Stanco, Chabina admitted that he failed to check his personal email account regarding the substance of PAB applications where documents prove that Chabina was receiving those communications to his personal device. (*See id.* at 88:15-25.) Again, such testimony directly contradicts Chabina's declaration from June 13, 2025 that he did not use electronic mediums for any PAB applications. (*See* ECF No. 67-3, Chabina Decl. at ¶¶ 4-6.)

Additionally, numerous PAB members, including Clifford Chabina, Scott Byrne, and Louis Warner, testified that they possess the personal phone numbers of other members. (*See* ECF No. 78-1, Chabina Dep. Tr. 12:4-6, 13:2-4; *see also* ECF No. 74-4, Byrne Dep. Tr. 23:20-23; *see also* ECF No. 74-2, Warner Dep. Tr. 54:1-21.) Such an admission directly contradicts what these individuals noted in their declarations submitted on June 13, 2025, namely that they "do not even have the cell phone numbers of the remaining PAB member on their phone[s]."

---

communications pertained to . . . ." *Muslims on Long Island*, 2025 WL 1582250, at *5. These declarations have since been filed. (ECF No. 67.)

(ECF No. 67-3, Chabina Decl. at ¶ 6; ECF No. 67-1, Byrne Decl. at ¶ 5; ECF No. 67-5, Warner Decl. at ¶ 6.)

These circumstances, including the discrepancies between the submitted declarations and deposition testimony, compounded with the witnesses' admitted failure to check their personal email accounts to conclusively deny the existence of PAB application materials, raise the "suspicion" and now justify the sought after discovery. *See, e.g., CA, Inc. v. AppDynamics, Inc.*, No. CV 13-2111 (WFK) (SIL), 2014 WL 12860591, at *4 (E.D.N.Y. Sept. 8, 2014) (directing defendant to produce responsive emails contained in two employees personal email accounts where the employees testified that on numerous occasions their personal email accounts were used for business purposes); *Galvan v. Rolling Lawns, Inc.*, No. 23-cv-6724, 2025 WL 618558, at *2 (S.D.N.Y. Feb. 26, 2025) (finding that plaintiff's suspicious was not "without justification" where "Defendants appear to have already produced text messages between the witnesses' personal phones and the named defendants about work-related matters. Thus, there is reason to suspect that similar relevant communications may exist on these witnesses' devices between them and other pertinent parties"). Accordingly, Plaintiffs are entitled to ESI production of the personal texts and email accounts of the PAB members.

As to the means of effectuating this search, the court is "generally not in the business of instructing counsel on how to conduct its discovery review." *Galvan*, 2025 WL 618558, at *2; *Smith v. Pergola*, No. 1:22-cv-4052 (LJL), 2022 WL 17832506, at *5 (S.D.N.Y. Dec. 21, 2022). Indeed:

> Rule 26(g) of the Federal Rules of Civil Procedure recognizes that an attorney must certify that after a "reasonable inquiry," a disclosure is "complete and correct." The Advisory Committee Notes to the 1983 Amendment also explain that in satisfying the "duty to make a reasonable inquiry," the attorney "may rely on assertions by the client ... as long as that reliance is appropriate under the circumstances." Courts in this circuit have recognized that compliance with this rule often requires more

5

than just that, though. Counsel is ultimately responsible for ensuring their client's compliance with their discovery obligations. And failure to do so in accordance with Rule 26(g) has its own set of consequences, including mandatory sanctions, which should ordinarily be sufficient to ensure a party's production is complete.

*Galvan*, 2025 WL 618558, at *2 (internal citations omitted).

In *Galvan*, the court directed that relevant ESI be produced from the personal cell phones of two employees of defendants. *Id.* at *3. Consequently, rather than direct defendants on "how to conduct that search," the court ordered defendants' counsel to: "(1) supervise the supplemental searches of ESI from the cellphones of [the employees] to ensure compliance with this Court's Order; (2) identify the efforts which were and have been taken from the outset of this case by Defendants to preserve responsive ESI, including texts from the cellphones of [the employees]; and (3) submit an affidavit from counsel [and the employees] detailing the efforts made to preserve and produce responsive ESI from the [employees'] cellphones, including any statement about whether no responsive documents were located . . . and why." Similar measures are appropriate here to ensure the timely, expeditious, and efficient search of the PAB members' personal devices.[3]

Accordingly, the parties are directed to meet and confer to coordinate a date and time for the production of the personal texts and email communications of the PAB members' personal devices, subject to supervision by counsel for Defendants, and, like in *Galvan*, submit declarations on or before **September 12, 2025** detailing the efforts made by the members to produce the requested ESI, whether documents were located, and why documents were not found, located, or produced.

---

[3] Plaintiffs propose that to remedy this alleged misconduct, the Court should direct that a forensic expert be retained to collect this ESI from the personal devices and appoint a special master to review the collected materials for privilege and responsiveness. (ECF No. 76 at p. 6.) The Court declines to do so at this time. However, the ordered relief set forth above is non-exhaustive and should further issues arise in connection with the search and production, the Court will consider a renewed application.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motions to compel (**ECF No. 74, 78**) are granted as to the personal devices and email accounts of the six PAB members: Angelo Stanco, Scott Byrne, Clifford Chabina, Anthony DiLeonardo, James Castellane, and Louis Warner. The parties are directed to meet and confer and coordinate a time for the production of this material, subject to the supervision of Defendants' counsel, and shall submit sworn declarations on or before **September 12, 2025,** detailing the efforts made to produce this material, whether documents were located, and, if not, reasons for the failure to produce.

Dated: Central Islip, New York
      September 7, 2025

                                                **S O  O R D E R E D:**
                                              /s/ *James M. Wicks*
                                                  JAMES M. WICKS
                                          United States Magistrate Judge