FILED
CLERK

9/17/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MUSLIMS ON LONG ISLAND, INC., IMRAN
MAKDA, and MOEEN QURESHI,

        *Plaintiffs*,

**ORDER**
25-cv-00428 (SJB) (JMW)

    -against-

THE TOWN OF OYSTER BAY, SCOTT BYRNE,
*in his official capacity*, JAMES CASTELLANE, *in his official capacity*, CLIFFORD CHABINA, *in his official capacity*, ANTHONY DILEONARDO, *in his official capacity*, ANGELO STANCO, *in his official capacity*, and LOUIS WARNER, *in his official capacity*,

        *Defendants*.
-----------------------------------------------------------------X

**WICKS,** Magistrate Judge:

    Plaintiff Muslims on Long Island ("MOLI"), Imran Makda, and Moeen Qureshi (collectively, "Plaintiffs") commenced this action on January 24, 2025 seeking to enforce their rights under the Religious Land Use and Institutional Persons Act, 42 U.S.C. § 2000cc, the First and Fourteenth Amendments to the United States Constitution, the New York State Constitution, and Article 78 of the New York Civil Practice Laws and Rules following Defendant Town of Oyster Bay ("Defendant" or "Town"), Angelo Stanco, Scott Byrne, Clifford Chabina, Anthony DiLeonardo, James Castellane, and Louis Warner's[1] denial of Plaintiffs' application to construct a larger, more modernized mosque for alleged religiously discriminatory reasons. (*See generally*

---

[1] Defendant Stanco is the chair of the PAB and Defendants Byrne, Chabina, DiLeonardo, Castellane, and Warner are members of the PAB. (ECF No. 1 at pars. 27-28; *see* ECF No. 56-1, Serfaty Decl. at par. 9.) The claims against these parties were dismissed on May 22, 2025 pursuant to a stipulation of partial dismissal (*see* ECF No. 54), leaving Defendant Town of Oyster Bay as the sole remaining defendant.

1

ECF No. 1.) The parties are before the Court on Plaintiffs' motion to quash the Town's July 7, 2025 subpoena directed to MOLI's land use attorney, Howard Avrutine ("Avrutine"), or alternatively for a protective order (ECF No. 88).

"[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and served "under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Freund v. Weinstein*, No. 08-cv-1469 (FB)(MDG), 2009 WL 4065585, at *2 (E.D.N.Y. Nov. 23 2009). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotes omitted). As such, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016) (citation omitted). "The definition of relevance under Fed. R. Evid. 401 is very broad, and as a result, the standard for relevance is very low. So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 23CV7331 (LL), 2025 WL 1314239, at *1 (S.D.N.Y. May 6, 2025) (quoting *United States v. Jones*, No. 16-cr-0553 (AJN), 2018 WL 1115778, at *9 (S.D.N.Y. Feb. 27, 2018)) (cleaned up) (Nathan, J.). With this framework in mind, Plaintiffs' motion (ECF No. 88) is **DENIED** for the following reasons.

*First*, Plaintiffs' argument that the motion to quash should be granted because the "Town already possesses or has access to the information it claims to seek, so it does not have a need for

these documents" is unavailing. (*See* ECF No. 88 at p. 4.) It is beyond peradventure that claims of "duplication," that is, the proponent of the subpoena is already in possession of the documents subpoenaed, are insufficient grounds to quash a subpoena. *See, e.g., Certain Underwriters at Lloyd's v. Nat'l Railroad Passenger Corp.*, No. 16-MC-2778 (FB), 2016 WL 6902140, at *4 (E.D.N.Y. Nov. 23, 2016) ("[C]onsistent with precedent from within this Circuit, RMI should not be excused from responding to the subpoena on the ground that Amtrak already has the documents sought."); *Brennan v. Mylan Inc.*, No. 6:22-mc-06015, 2023 WL 2445344, at *3 (W.D.N.Y. Mar. 10, 2023) ("[T]he fact that a requestor may already be in possession of some related information does not always amount to a finding a discovery request is sufficiently cumulative or duplicative."); *Frazier v. Morgan Stanley & Co., LLC*, No. 16-cv-804 (RJS), 2021 WL 2709250, at *5 (S.D.N.Y. July 1, 2021) ("Although the DM Subpoenas request discovery that may overlap significantly with discovery from Morgan Stanley, the potential for duplicative discovery does not by itself make a subpoena improper."). That Plaintiffs may be able to seek discovery, some of which *may* be overlapping on subjects that Avrutine has already produced documents on, does not preclude Defendants from seeking those documents from Avrutine at this juncture. *See Amphenol Corp. v. Fractus, S.A.*, No. 19 Misc. 160 (PAE), 2019 WL 2521300, at *11 (S.D.N.Y. June 19, 2019).

*Second*, during the Court conference on July 30, 2025 (ECF No. 73), where the parties discussed at length the very issue of Avrutine's compliance with the subpoena, the Court made clear that the collection and review of documents within Avrutine's possession, custody, and control, and the production of a privilege log, was to be completed by August 15, 2025. (*See* ECF No. 73, Time Log at 10:38-10:42). According to Defendant – and not disputed by Plaintiffs

– "Plaintiffs have produced none of Mr. Avrutine's documents and have produced no privilege log." (ECF No. 97 at p. 2.)

The failure to timely provide a privilege log "may result in waiver of the privilege claims." *GateGuard, Inc. v. Amazon.com Inc.*, No. 21-cv-9321 (JGK), 2024 WL 3952145, at *2 (ordering plaintiff to produce a privilege log following a conference wherein plaintiff represented it would produce a privilege log yet none was filed); *see In re Chevron Corp.*, 749 F. Supp. 2d 170, 181 (S.D.N.Y. 2010) (noting that failure to produce privilege log "may result in waiver of the privilege claims"). Only "flagrant" violations, however, require such an outcome. *WCA Holdings III, LLC v. Panasonic Avionics Corp.*, No. 1:20-cv-7472-GHW, 2025 WL 1434375, at *11 (S.D.N.Y. May 17, 2025). "Whether waiver is warranted depends on such factors as the length of the delay, the willfulness of the transgression, and the harm to other parties." *Dey, L.P. v. Sepracor, Inc.*, No. 07 Civ. 2353 (JGK) (RLE), 2010 WL 5094406, at *2 (S.D.N.Y. Dec. 8, 2010); *see WCA Holdings III, LLC*, 2025 WL 1434375, at *4.

Although the direction to produce a privilege log was clearly disregarded, this did not amount to a lengthy delay nor is there support in the record that it was a demonstration of willfulness that would justify a waiver of privilege. Indeed, the delay could be fairly attributed to the active settlement discussions. (*See* ECF No. 80.) The Court also granted an application to extend dates for depositions and eventually held all dates and deadlines in abeyance on August 20, 2025 to effectuate the proposed settlement. (*See* Electronic Orders dated August 15, 2025 and August 20, 2025.) Similarly, there is no evidence that Plaintiffs *willfully* withheld the privilege log during this span, but rather the non-production was a byproduct of the Court's orders and desire by the parties to amicably resolve the lawsuit. Though no waiver of privilege, Plaintiffs are nevertheless still obligated to comply with this Court's directive to produce a

privilege log of the documents in Avrutine's possession, custody, or control. The privilege log shall be provided to Defendants on or before **September 22, 2025**. *See WCA Holdings III, LLC*, 2025 WL 1434375, at *12 (directing the production of a privilege log because "waiver of privilege is an extreme remedy"). Failure to do so could lead to waiver of any claim of privilege.

*Third*, Plaintiffs maintain that the Town's demand is untimely and prejudices Plaintiffs considering the "Town waited until after it blew up a signed settlement to pursue this subpoena, thereby manufacturing a compressed discovery period." (ECF No. 88 at p. 5.) This argument is unconvincing. Despite filing objections to the subpoena on July 21, 2025—within the 14-day period for objections mandated by Rule 45(d)(2)(b)—Plaintiffs' motion to quash, if anything, could in and of itself be considered untimely since Plaintiffs filed their motion on September 3, 2025 notwithstanding the subpoena's return date of July 25, 2025 for the production of documents and July 29, 2025 for appearance at a deposition. (*See* ECF No. 101); *see also* Fed. R. Civ. P. 45(d)(3); *see also Estate of Tillman v. Tillman v. City of New York*, 345 F.R.D. 379 (E.D.N.Y. 2024) ("A motion to quash a subpoena must be made prior to the return date of the subpoena—that is, prior to the time specified in the subpoena for compliance."); *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022) (collecting cases finding motions to quash untimely when filed after the deadline to produce within the subpoena). In short, the motion to quash was not made prior to the return date.

*Fourth*, Plaintiffs contention that the "Town has not identified any specific, non-privileged information in Mr. Avrutine's possession that it has not already obtained from other sources" is simply unfounded. Avrutine served a key role during critical stages leading up to the hearing before the PAB, including interacting with the Town members on floor plans within the new congregation, and communicating with architects concerning construction of the mosque

5

and whether updates on the "traffic study" existed. (*See* ECF No. 100 at p. 4.) Avrutine's personal involvement in the PAB hearing where key communications regarding the land use application occurred makes Avrutine's non-privileged and non-duplicative files critical to this case. *See Certain Underwriters at Lloyd's*, 2016 WL 6902140, at *4.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to quash (ECF No. 88) is **DENIED**. The parties are directed to meet and confer to coordinate a mutually agreed upon time to produce the documents outlined in the subpoena at ECF No. 101, in addition to coordinating a date, time, and location for Avrutine's deposition, all of which is to be completed **no later than September 24, 2025**. Plaintiffs are directed to provide a privilege log to Defendants on or before **September 22, 2025.**

Dated: Central Islip, New York
 September 17, 2025

                                          **S O   O R D E R E D:**
                                          /s/ *James M. Wicks*
                                            JAMES M. WICKS
                                        United States Magistrate Judge