FILED
CLERK

10/11/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MUSLIMS ON LONG ISLAND, INC., IMRAN
MAKDA, and MOEEN QURESHI,

                 *Plaintiffs*,

**ORDER**
25-cv-00428 (SJB) (JMW)

      -against-

THE TOWN OF OYSTER BAY, SCOTT BYRNE,
*in his official capacity*, JAMES CASTELLANE, *in his official capacity*, CLIFFORD CHABINA, *in his official capacity*, ANTHONY DILEONARDO, *in his official capacity*, ANGELO STANCO, *in his official capacity*, and LOUIS WARNER, *in his official capacity*,

                 *Defendants*.
-----------------------------------------------------------------X

**WICKS,** Magistrate Judge:

    Plaintiff Muslims on Long Island ("MOLI"), Imran Makda, and Moeen Qureshi (collectively, "Plaintiffs") commenced this action on January 24, 2025 seeking to enforce their rights under the Religious Land Use and Institutional Persons Act, 42 U.S.C. § 2000cc, the First and Fourteenth Amendments to the United States Constitution, the New York State Constitution, and Article 78 of the New York Civil Practice Laws and Rules following Defendant Town of Oyster Bay ("Defendant" or "Town"), Angelo Stanco, Scott Byrne, Clifford Chabina, Anthony DiLeonardo, James Castellane, and Louis Warner's[1] denial of Plaintiffs' application to construct

---

[1] Defendant Stanco is the chair of the Planning Advisory Board ("PAB") and Defendants Byrne, Chabina, DiLeonardo, Castellane, and Warner are members of the PAB. (ECF No. 1 at pars. 27-28; *see* ECF No. 56-1, Serfaty Decl. at par. 9.) The claims against these parties were dismissed on May 22, 2025 pursuant to a stipulation of partial dismissal (*see* ECF No. 54), leaving Defendant Town of Oyster Bay as the sole remaining defendant.

1

a larger, more modernized mosque for alleged religiously discriminatory reasons. (*See generally* ECF No. 1.)

This case proceeds to trial before the Hon. Sanket J. Bulsara on October 27, 2025. (Electronic Order dated September 2, 2025.) The Court issued an Order setting final, expedited discovery dates leading up to this trial which notes that the deadline for depositions of any individuals on the trial witness list who were not previously deposed shall be October 24, 2025. (*Id.*) On September 9, 2025, the Court denied Plaintiffs motion to take *one* additional deposition "considering the extreme burden imposed by an eleventh-hour deposition upon Defendants under this expedited discovery schedule coupled with Plaintiffs' failure to demonstrate the relevance this purported discovery has to the current action." The parties are now before the Court on Plaintiffs' motion (ECF No. 121) to take the depositions of *seven*[2] individuals—six of the Town's nineteen trial witnesses and one of the Town's inspectors—despite already deposing ten individuals as provided for in Fed. R. Civ. P. 30(a)(2)(A)(i). For the following reasons, Plaintiffs' motion (ECF No. 121) is **DENIED**.

## LEGAL FRAMEWORK

The outer limit of the number of depositions is clear by rule: each party may conduct up to ten depositions without leave of the court. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). Parties cooperating with each other in discovery, however, may agree amongst themselves to go beyond that prescribed limit. However, where, as here, the parties cannot agree on altering the limit of depositions, the party seeking the additional depositions must obtain leave from the Court. *See Raba v. Suozzi*, No. cv-061109 (DRH) (AKT), 2006 WL 8435603, at *1 (E.D.N.Y. Nov. 17,

---

[2] Plaintiffs seek to depose six members of the PAB—James Castellane and Anthony DiLeonardo; Nassau County Legislator Rose Marie Walker; Town Councilmember Louis Imbroto; Town consultant Vincent Corrado; and private investigator Scott Whitlock. (ECF No. 121 at p. 1.) Plaintiffs also wish to depose Town Code Inspector, Cherly Giordano. (*Id.*)

2

2006) (citing Fed. R. Civ. P. 30(a)(2)(A)) ("Absent an agreement among the parties, a party must obtain leave of the court before taking any additional depositions" beyond ten.) "The purpose of Rule 30(a)(2)(A) is to enable courts to maintain a tighter rein on the extent of discovery and to minimize the potential cost of [w]ide-ranging discovery." *Walters v. T&D Towing Corp.*, No. cv 17-0681 (AKT), 2020 WL 7024350, at *1 (E.D.N.Y. Nov. 27, 2020) (quoting *Sigala v. Spikouris*, No. 00-cv-0983, 2002 WL 721078 at *3 (E.D.N.Y. Mar. 7, 2002) (internal quotation marks and citation omitted)). The rule was "enacted to control discovery costs and prevent harassment or undue delay." *Gross v. Bare Escentuals, Inc.*, No. 03-civ-3089 (RLC), 2006 WL 3161386, *1 (S.D.N.Y. Oct. 30, 2006). The number of depositions, like all discovery devices, is to be considered through the lens of proportionality.

Rule 26(b)(2)(C) expressly sets forth the factors that courts consider when a party seeks to exceed the ten-deposition limit implemented by Rule 30(a)(2)(A). *In re Actos Antitrust Litig.*, 639 F.Supp.3d at 454-55. Pursuant to Rule 26(b)(2)(C), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule" when the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

It is the movant's burden "to show the need for the additional depositions, but counsel's judgment about how many depositions it needs is entitled to a good deal of deference." *United States v. Town of Oyster Bay*, No. cv-142317 (ADS) (SIL), 2016 WL 11265542, at *1 (E.D.N.Y.

3

May 10, 2016) (internal quotation marks and alterations omitted). However, just because counsel believes a witness "might have discoverable information," does not in and of itself give rise to an unfettered right to depose that person. *Commodity Futures Trading Comm'n v. Commodity Ind. Grp., Inc.*, No. 05 civ. 5741, 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005); *see also Raba*, 2006 WL 8435603, at *1 ("The mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them."). It is within the court's discretion "to allow more than ten depositions if the party who is seeking discovery has shown why it is necessary." *Commodity Ind. Grp., Inc.*, 2005 WL 3030816, at *1. Some courts have required a "particularized need" be shown to justify additional depositions. *See, e.g.*, *Scanlan v. Potter*, No. 05-CV-0291, 2006 WL 1207748, at *1 (D. Vt. May 4, 2006) ("[The] party seeking ... more depositions must make a particularized showing.").

## DISCUSSION

i.   <u>PAB Members James Castellane and Anthony DiLeonardo</u>

Plaintiffs contend they have already deposed four of the six PAB Members that Defendant intends to call during trial and deposing the remaining two members, Castellane and DiLeonardo, is critical "to test" whether their votes to deny MOLI's application were discriminatory or influenced by bias. (ECF No. 121 at p. 3.) Plaintiffs aver that "the bias of one member can taint an entire body." (*Id.*)

Here, it is extremely likely that the grounds for taking these additional depositions—the purported bias of these two PAB Members—can be established through the other four PAB Members who have been deposed by Plaintiffs. That is, the testimony of any additional witnesses is likely to be cumulative and even possibly duplicative and, as such, warrants against taking these additional depositions. *See Oakley v. MSG Networks*, No. 17-cv-6903 (RJS), 2024 WL

4

5056111, at *2 (S.D.N.Y. Dec. 10, 2024) (finding the motion to exceed ten depositions improper where no explanation was offered "as to why the[] additional witnesses are likely to have unique information that is distinguishable from that of the other witnesses who have already been [deposed]").

Moreover, Plaintiffs could have taken *all* six PAB Members depositions during discovery but chose not to. In short, they charted their own procedural course and their chosen strategy does not now justify opening the door for the remaining two to now be deposed. *See Oliver v. New York State Police*, No. 1:15-cv-0444, 2018 WL 11281902, at *1 (N.D.N.Y. Dec. 3, 2018) (denying the motion to exceed ten depositions after noting that the individuals already deposed "represent Plaintiff's choice as part of her litigation strategy"). Similarly, on July 2, 2025, Plaintiffs decided to forego issuing a deposition notice to Mr. DiLeonardo "in light of his medical condition" and to comply with the Federal Rules' ten-deposition requirement. (*See* ECF No. 127-1, Ex. A.) The grounds proffered here for taking the additional depositions—the alleged bias—were presumably known at the time Plaintiffs decided to not take DiLeonardo's deposition during discovery. The sudden change of heart does not retract from the cumulative nature of these additional depositions and is insufficient to justify their need nearly two weeks before trial.

    ii.    <u>Legislator Rose Marie Walker</u>

Plaintiffs seek to depose Walker, the individual who "spearheaded opposition to the mosque" and was previously identified in prior articles and stories discussing the PAB's grounds for denial. (*See* ECF No. 121 at p. 3.) Because, as Plaintiffs contend, the Town has "shift[ed] [its] story" on whether Walker was involved in this denial, Plaintiffs require a deposition for "pretrial clarification." (*Id.*)

5

What Plaintiffs neglect to indicate, unsurprisingly, is that these "shifting stories" were already raised earlier in the case when PAB Member Scott Byrne cited Walker's role in denying the application, namely that she was concerned about emergency vehicles unable to navigate the side streets. (*See* ECF No. 127 at p. 3.) Permitting Walker's deposition would, therefore, be duplicative of what has already been addressed and would contradict the principle underlying Rule 30(a)(2)(A), minimizing potential expenses of wide-ranging, costly discovery, especially as the parties rapidly approach trial. *See Walters*, 2020 WL 7024350, at *1.

iii.   Consultant Vincent Corrado

Plaintiffs seek to depose Corrado to "avoid inefficient trial examination" because his testimony relating to his review of MOLI's mosque and findings that its "traffic and parking impact" was minimal, is, according to Plaintiffs, "technical and complex." (ECF No. 121 at p. 3.) Plaintiffs offer no further explanation for how Corrado's testimony relating to the impact of traffic and parking is "technical and complex" sufficient to outweigh the burdens associated with taking this additional deposition on the eve of trial. *See Marseet v. Rochester Institute of Technology*, No. 20-CV-7096 (PG), 2023 WL 533288, at *11 (W.D.N.Y. Jan. 27, 2023) (denying the motion to conduct more than ten depositions where plaintiff's submissions failed to indicate, let alone establish, how the relevance of the purported testimony would overcome the burdens and duplicative nature of taking an additional deposition). Moreover, similar to Castellane and DiLeonardo, Plaintiffs agreed, on July 21, 2025, to "forgo deposing Mr. Corrado so as to only take ten depositions in total." (ECF No. 127-2, Ex. B.) Again, Defendants should not be saddled with the burdens associated with taking an additional deposition in an already fast-tracked discovery case to accommodate Plaintiffs' change in litigation strategy.

6

    iv.    <u>Councilmember Louis Imbroto</u>

Plaintiffs contend that "[i]f Judge Bulsara denies Plaintiffs' pending motion to strike Imbroto, Plaintiffs ask the Court to allow them to depose him." (ECF No. 121 at p. 3 (referencing ECF No. 119 (motion to strike))). Should Judge Bulsara *grant* Plaintiffs' motion to strike Imbroto, the application to depose Imbroto would be moot. Accordingly, this part of Plaintiffs' motion is denied as premature.

    v.    <u>Private Investigator Scott Whitlock</u>

Plaintiffs wish to depose Whitlock who was retained to surveil the mosque for purported jaywalking. (ECF No. 121 at p. 4.) Plaintiffs contend that his testimony rests on recordings, thus a "deposition is needed to probe his methodology and qualifications." (*Id.*) Here, however, Whitlock is not being offered an expert in this case. The Court, therefore, struggles to find how the need to "probe" the methodology and qualifications behind Whitlock's mere review of recordings relating to jaywalking around the mosque is so central to this case so as to overcome the extreme burden imposed upon Defendants in preparing, taking, and reviewing this additional deposition two weeks before trial. *See SEC v. Rayat*, No. 21-cv-4777 (LJL), 2023 WL 5276544, at *1 (S.D.N.Y. Aug. 16, 2023) (denying plaintiff's motion to depose more than ten witnesses where plaintiff failed to prove how the additional witness, one allegedly "critical" to testing the basis for certain denials, "would provide affirmative evidence necessary to prove its case").

    vi.    <u>Code Inspector Cheryl Giordano</u>

Plaintiffs seek to depose Giordano to explore Giordano's alleged retaliation after, as Plaintiffs aver, Giordano cited "the business of a MOLI leader for a frivolous code violation" shortly after Giordano was mentioned in a New York Times article about the present case. (ECF

7

No. 121 at p. 4.) Because "[t]his apparent retaliation is highly probative of discriminatory intent," Plaintiffs move to depose Giordano to "fairly explore the facts before trial." (*Id.*)

Plaintiffs fail to adduce any support as to how these facts tend to show retaliation, whether the code violation was in fact frivolous, or what the New York Time article featuring Giordano said or stands for. Without such fundamental information, the Court will not permit the deposition of Giordano to proceed in the face of an impending trial and in light of the significant time and costs incurred by Defendants resulting from an additional deposition. *See Gross*, 2006 WL 3161386, at *1 (concluding that additional depositions beyond ten were not warranted, in part, because the additional depositions "would not provide [the party seeking the deposition] with sufficient new information to justify the burden on the plaintiffs"). Further, the entire basis for Plaintiffs' lawsuit is that Defendants denied Plaintiffs' mosque application for religiously discriminatory reasons. Attempting to establish further evidence of this discriminatory intent through Giordano would undoubtedly be duplicative and cumulative of what has presumably been produced through the other ten witnesses who have been deposed.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to take the additional depositions of James Castellane, Anthony DiLeonardo, Rose Marie Walker, Vincent Corrado, Louis Imbroto, Scott Whitlock and Cheryl Giordano (ECF No. 121) is **DENIED**. The parties shall consult the undersigned's September 2, 2025 Order regarding the remaining dates and deadlines in this case in anticipation of the October 27, 2025 trial before Judge Bulsara.

Dated: Central Islip, New York
October 11, 2025

**S O  O R D E R E D:**
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

8