UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MUSLIMS ON LONG ISLAND, INC., IMRAN
MAKDA, and MOEEN QURESHI,

               Plaintiffs,

      v.

THE TOWN OF OYSTER BAY,

               Defendant.
-----------------------------------------------------------------X

**ORDER**
2:25-CV-00428-SJB-JMW

**BULSARA, United States District Judge:**

On October 7, 2025, the Town amended its parking ordinance—the very regulation that the parties have been litigating over and taken discovery over for several months. (*See* Letter re Local Law 5 filed Oct. 16, 2025 ("Def.'s Letter"), Dkt. No. 141, Ex. 1). The change was made on the eve of trial and after the close of fact discovery, which occurred on October 3, 2025. (Order dated Sep. 2, 2025).

The Town, in a letter dated October 16, 2025, objects to the Court's characterization and comments on the change and advances a number of legal arguments about why the Town was permitted to amend the ordinance and moot out Plaintiffs' facial challenge. (Def.'s Letter). The Town misapprehends the Court's comments—the Court has no view about whether as a matter of legal right, the Town can amend its ordinance in the middle of litigation (it very well may be able to). But that power says nothing about whether it was a prudent decision; among other consequences, it opens up the Town to additional discovery about the motivations, purpose, and legal effect of the change. The question is not simply one of legal validity

under RLUIPA, but whether there is any merit to the mootness defense the Town wishes to advance.

Indeed, the Court's observations—quite contrary to the Town's baseless contentions about the propriety of the Court's comments—are precisely what other courts, and indeed the Second Circuit, have noted about like changes in similar contexts. *E.g., Am. Council of Blind of New York, Inc. v. City of New York*, 495 F. Supp. 3d 211, 248 (S.D.N.Y. 2020) ("As the Second Circuit has repeatedly held, the suspicious timing of a party's voluntary cessation weighs against finding mootness.") (citing *Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 604 (2d Cir. 2016) ("[S]uspicious timing and circumstances pervade the County's decision. . . [T]he County announced its decision. . . only on the eve of summary judgment motions.")). "[S]uch timing suggests a litigation-driven motivation, as opposed to an authentic, durable commitment on the part of the defendant to mend its ways." *Id.*

If the Town wishes to advance a mootness defense, it must subject the recent ordinance to discovery. The Town cannot simultaneously use the changed ordinance as a sword and shield themselves from discovery. When a party moots a claim on the eve of trial, there is more than an abstract question about whether Plaintiffs can claim that the purpose of the change was solely for litigation advantage or not and whether the Town will revert back to the prior ordinance following the litigation. *See id.*; *see also Mercer v. Jericho Hotels, LLC*, No. 19-CV-5604, 2019 WL 6117317, at *3 (S.D.N.Y. Nov. 18, 2019) ("[T]here are certain facts relevant to determining the Court's jurisdiction that are peculiarly within [Defendant's] knowledge and cannot be divined without

limited discovery. This is so because the standard for demonstrating mootness on a voluntary cessation theory requires a court to find not just that a defendant has completely and irrevocably eradicated the effects of [any] alleged violation, but also that there is no reasonable expectation that the alleged violation will recur." (internal quotations and citations omitted)).

And for another, there is already some history in this case of the Town changing course, upsetting the expectations of the parties—if not their agreement—and reversing course. None of the cases cited by the Town speak to the issue of voluntary cessation, discovery, or acknowledge the late timing of the amendment. (The Town's attempt to blame the Plaintiffs for failing to act, based on signals about what the Town intended to do—as reflected in September correspondence and expert reports—is entirely unpersuasive. The revised ordinance was passed on October 7, 2025. It was entirely reasonable for the Plaintiffs not to propound discovery on a contemplated ordinance to be taken up at a future meeting, because among other things, the Town had previously contemplated action that it then failed to take.).

The Town is directed to respond to Plaintiffs' supplemental discovery requests no later than **12:00 p.m. on October 21, 2025**. Fact discovery is reopened for the limited purpose of issues related to the October 7 ordinance and the surrounding mootness issues. To that end, depositions should be limited to these discrete issues. If the parties are unable to agree to a schedule for document production and depositions, they should inform the Court no later than **5:00 p.m. on October 21, 2025**, so the Court can

determine whether to hold a conference on these issues at **10:30 a.m. on October 22, 2025**.

SO ORDERED.
*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: October 20, 2025
Central Islip, New York