# Linklaters

Linklaters LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone (+1) 212 903 9000
Facsimile (+1) 212 903 9100
Direct Line +1 202 903 9107
muhammad.faridi@linklaters.com

**Via ECF**

The Hon. Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza, Courtroom 930
Central Islip, NY 11722

April 24, 2026

> **Re:** ***Muslims on Long Island, Inc., et al. v. The Town of Oyster Bay, et al.*, 2:25-cv-00428 (SJB) (JMW)**

Dear Judge Bulsara:

We represent Plaintiffs Muslims on Long Island, Inc. ("MOLI"), Imran Makda, and Moeen Qureshi in the above-referenced matter. We write on behalf of Plaintiffs and Defendant Town of Oyster Bay (the "Town") in response to the Court's April 20, 2026 Order directing the parties to "provide an update on the status of the date by which they can submit a stipulation of dismissal per the consent order." As set forth below, and consistent with the terms of the parties' Consent Order, the parties have made substantial progress toward construction of Plaintiffs' new mosque, with demolition of the existing structures and construction of the new mosque expected to begin this summer. However, the agreed-upon precursor events to filing a stipulation of dismissal have not yet occurred, and their completion is expected to take an additional year or more; the precise timing remains difficult to determine at this stage.

By way of background, the Consent Order provides that dismissal will occur after Plaintiffs' new mosque is fully constructed. Specifically, it makes a stipulation of dismissal contingent on completion of several steps. *First*, the parties must work cooperatively "to prepare a revised site plan and architectural drawings" for a revised mosque ("Revised Mosque") that is "no greater than 14,925 square feet" and that provides for "additional off-street parking." *See* D.E. 152 ("Consent Order") ¶ 1. *Second*, upon the Town's certification that Plaintiffs' proposal complies with the Consent Order, the Town must "commence with all due speed the processes necessary to issue to

The Hon. Sanket J. Bulsara
Page 2

MOLI all permits, licenses, and/or other Town approvals that are legally required to construct, operate, and occupy the Revised Mosque, including but not limited to any construction or demolition permits." *Id.* ¶¶ 1-2. *Third*, once MOLI's existing structures have been demolished, the Revised Mosque has been constructed, and all applicable State Building Code requirements have been satisfied, the Town must "issue[] to MOLI a Certificate of Occupancy[,] a Public Assembly License, and any other legal approvals that may be necessary for the operation or occupation of the Revised Mosque." *Id.* ¶ 2. *Finally*, "[w]ithin five (5) business days of the Town's issuance of" those approvals (the "Stipulation of Dismissal Precursor Events"), Plaintiffs will file a joint stipulation dismissing all claims with prejudice. *Id.* ¶ 20.

Since the conclusion of active litigation on November 6, 2025, the parties have worked diligently and cooperatively to complete these steps. On February 4, 2026, the Town's Building Department approved MOLI's revised site plan for the Revised Mosque. On April 21, 2026, MOLI submitted an amended site plan reflecting minor adjustments, which is currently under review by the Town's Planning Division. In parallel, MOLI is preparing full construction drawings for the Revised Mosque and related site work. MOLI has also submitted a Storm Water Pollution Prevention Plan to the Town's Department of Public Works for expedited review, and the Town has connected MOLI with a contact at the Nassau County Department of Public Works regarding use of the adjoining County-owned sump. MOLI expects to submit its mechanical, electrical, plumbing, architectural, and structural plans to the Town during the first week of May 2026, and to issue requests for proposals to general contractors later that month.

Once a general contractor is selected and all required approvals are obtained, demolition and construction will proceed in phases. MOLI plans to begin by demolishing its 320 Central Avenue building, while continuing to use 300 Central Avenue for worship during construction of the Revised Mosque. The 300 Central Avenue structure will, in turn, be demolished prior to issuance of a certificate of occupancy for the Revised Mosque. MOLI is currently targeting July 1, 2026 for the commencement of demolition at 320 Central Avenue. Overall, MOLI anticipates that the demolition and construction process will take approximately 12 to 18 months. While Plaintiffs are eager to proceed as expeditiously as possible, careful, code-compliant demolition and construction necessarily require time.

The parties appreciate the Court's consideration of this update and its continued retention of jurisdiction over this matter. The parties are available at the Court's convenience should a conference be helpful, and are also willing to provide joint status reports at whatever cadence the Court prefers.

The Hon. Sanket J. Bulsara
Page 3

Respectfully submitted,

/s/Muhammad U. Faridi
Muhammad U. Faridi
Diana Conner
Julia Long
Peter Vogel
Sarah Hardtke
LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 903-9000
(212) 903-9100 (fax)

*Attorneys for Plaintiffs Muslims on Long Island,*
*Inc., Imran Makda, and Moeen Qureshi*